IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-00179-SKC

TRAVIS T. BEDORE,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC.

    Defendant.

---

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Travis Bedore applied to refinance the loan on his investment property, which HSBC Mortgage Corporation approved, in 2004.[1] *See* Dkt. 47-1 at ¶¶9-12 (Nationstar Decl.). At the time he executed his promissory note, Plaintiff signed a notice regarding the applicability of private mortgage insurance (PMI) to his loan. *Id*. at ¶13. The notice stated Plaintiff was obtaining a loan that required PMI and the payments for such insurance would be added to his monthly payments. *Id*. at p.45 (Exhibit A). Only Plaintiff signed the notice. *Id*. After defaulting on his loan payments, Plaintiff modified his loan three additional times. *Id*. at ¶¶14-16. In

---

[1] The Court finds the following facts to be undisputed for purposes of deciding the Motion for Summary Judgment.

1

addition, Plaintiff signed a new notice regarding the necessity of PMI premiums. *Id.* at ¶17.

In 2017, HSBC transferred the servicing of the loan to Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper (Nationstar). *Id.* at ¶19. Nationstar notified Plaintiff of the transfer and, thereafter, sent him annual escrow account disclosure statements. *Id.* In 2021, Plaintiff began contacting Nationstar about terminating the PMI requirement from his mortgage. *See* Dkt. 48-1 at pp.12-15. Nationstar responded to these inquiries with an explanation of the PMI requirement and listing several possible ways in which to have the PMI requirement terminated. Dkt. 47-1 at ¶¶22-24, Dkt. 47-2 at pp.61-66; Dkt. 47-3 at pp.1-7. Plaintiff never contacted Nationstar regarding those listed possibilities and instead provided Nationstar a "Comparative Market Analysis" regarding the value of his property. Dkt. 47-1 at ¶¶25-28. Dkt. 47-3 at pp.8-13.

Plaintiff initiated this action on November 22, 2021, in Denver County Court, alleging Nationstar erroneously failed to cancel the PMI requirement on his mortgage or provide escrow disclosures. He contends Nationstar violated the Consumer Financial Protection Act, 12 U.S.C. §5531, *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, the Homeowners Protection Act, 12 U.S.C. § 4902, *et. seq.*, and the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101. He also asserts claims for breach of contract, unjust enrichment, and negligence. Dkt.

3. Nationstar removed this action (Dkt. 1) to this Court, and following a period of discovery, filed the pending Motion for Summary Judgment. Dkt. 47.

The Court has reviewed the Motion and related briefing, the attached exhibits, the entire case file, and the relevant law. The Court has construed Plaintiff's filings liberally because he is not represented by counsel, but the Court does not act as his advocate. No hearing is necessary. For the following reasons, Nationstar's Motion for Summary Judgment is GRANTED.

## STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)).

Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury, or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it

pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com*, 391 U.S. 253, 289 (1968)).

**A.    Claims that Fail as a Matter of Law**

The Court first addresses those of Plaintiff's claims that fail as a matter of law:

- **Consumer Financial Protection Act**

Plaintiff's first claim is ostensibly brought under the Consumer Financial Protection Act, 12 U.S.C. §§ 5531(a) and 3336(a). He alleges Nationstar used deceptive statements and refused to cancel his PMI in violation of the CFPA. Dkt. 3 at ¶¶37-42. There is, however, no private right of action under these provisions of the statute. *Oparaji v. ABN AMRO Mortg. Grp., Inc.*, No. 19-CV-01650 (MKB), 2020 WL 9816011, at *16 (E.D.N.Y. Sept. 18, 2020) (collecting cases). Plaintiff even acknowledges this but then pivots to discuss his allegations in relation to the Colorado Consumer Protection Act. *See* Dkt. 48 at p.13. These are wholly separate statutes. The CFPA has no bearing on claims brought under the CCPA. Consequently, Nationstar is entitled to judgment on Plaintiff's first claim as a matter of law.

- **Real Estate Settlement Procedures Act (RESPA) & Homeowner Protection Act (HPA)**

Plaintiff also asserts claims under the RESPA and the HPA. Dkt. 3 at ¶¶43-52, 36-62. He contends Nationstar violated these statutes when it failed to acknowledge his written requests, made false statements about Plaintiff's debts, failed to conduct a timely escrow analysis, and failed to cancel his PMI insurance as required by the HPA. The Court concludes Nationstar is also entitled to judgment as a matter of law on these claims because neither of these laws apply to business loans. *See* 12 U.S.C. § 2606 (RESPA) ("This chapter does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes."); 12 U.S.C. § 4901(15) (HPA) (cancellation of PMI for "residential mortgage transactions" only includes those mortgages "created or retained against a single-family dwelling that is the principal residence of the mortgagor").

In his Response, Plaintiff fails to refute Defendant's undisputed facts regarding the nature of the property at issue in this case, namely that it was acquired to be rental property. Dkt. 47 at pp.3-4; Fed. R. Civ. P. 56(e)(2) ("If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."). Consequently, it is an undisputed material fact that Plaintiff acquired the relevant loan for business purposes. *See Wheeler v. Wells Fargo Home Mortg., a division of Wells Fargo N.A.*, No. C18-5060 BHS, 2018 WL 4613165, at *4 (W.D. Wash. Sept. 26, 2018), *aff'd sub nom.* 798 F. App'x 140 (9th Cir. 2020) (the HPA does not apply to investment

5

properties); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011) (quoting 12 C.F.R. Pt. 226, Supp. I, Cmt. 3(a)(4)) ("Credit extended to acquire, improve, or maintain rental property . . . that is not owner-occupied is deemed to be for business purposes...."). Thus, Nationstar's request for judgment on these claims is granted as a matter of law.

### B.   Breach of Contract

Plaintiff contends Nationstar breached the terms of the mortgage closing documents and promissory notes by continuing to collect PMI premiums. Dkt. 3 at ¶¶63-69. In its Motion for Summary Judgment, Nationstar contends the PMI disclosures Plaintiff signed at his closing do not constitute contracts. Rather, they are simply notices of certain statutory rights under the HPA—which this Court has already determined is inapplicable to Plaintiff's loan. To be sure, the undisputed evidence is clear that Nationstar is not a party to any of these alleged contracts or documents. Dkt. 47-1 at pp.20-39.

Perhaps recognizing this fact, Plaintiff attempts to pivot in his Response by characterizing his claim as one for promissory estoppel and now relies on Nationstar's letters regarding Plaintiff's options for removing PMI insurance. Dkt. 48. But Plaintiff has not asserted a claim for promissory estoppel, nor did he ever allege that Nationstar's letters were contracts that Nationstar breached. *See* Dkt. 3. He may not amend his Complaint in a response, and because he has failed to address Defendant's arguments regarding the claim articulated in his Complaint, Plaintiff has waived any

6

contrary arguments. *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768 (10th Cir. 2001) (affirming district court's summary judgment against plaintiff's claim because plaintiff had "abandoned [the] claim by failing to address it in his response to defendants' motion for summary judgment"). Plaintiff has abandoned the original premise of his claim, and therefore, Defendant is entitled to judgment on the breach of contract claims.

**C.     Unjust Enrichment**

Plaintiff asserts a claim of unjust enrichment based on the allegations that Nationstar kept and continues to keep the PMI premiums. Dkt. 3 at ¶¶70-75. Unjust enrichment is a form of contract, or quasi-contract, implied by law that does not rely upon a promise between the parties. *Harris Group v. Robinson*, 209 P.3d 1188, 1205 (Colo. App. 2009). The elements of unjust enrichment are: (1) at the expense of a plaintiff; (2) a defendant received a benefit; (3) under circumstances making it unjust for the defendant to retain the benefit without paying for it. *Id.* (citing Robinson v. Colo. State Lottery Div., 179 P.3d 998, 1007 (Colo. 2008)).

Setting aside whether Plaintiff can recover under this theory of law, the Court concludes even if he could, Defendant is entitled to summary judgment. Defendant has provided the Court with the affidavit of A.J. Loll, Vice President for Nationstar Mortgage LLC, who attests that Nationstar does not retain the PMI premiums, but instead passes those premiums on to the mortgage insurer. Dkt. 47-1 at ¶29. Nationstar contends, therefore, that it did not receive any benefit—i.e. unjust

7

enrichment—because of the PMI premiums. Dkt. 47 at p.15.

In his Response, Plaintiff has not produced any evidence that Nationstar retains the PMI premiums, and therefore, it is undisputed that it does not. Instead, he simply continues to insist Nationstar erroneously charged PMI premiums and attempts to argue new theories of unjust enrichment including an alleged assessment of property inspection fees and maintenance charges. But as this Court previously discussed, Plaintiff may not use his response to the Motion for Summary Judgment to add new legal theories or claims he never asserted in his Complaint. Because it is undisputed that Nationstar passes the PMI premiums on to the mortgage insurer and does not retain this money, Plaintiff's claim for unjust enrichment fails and judgment shall be entered in favor of Nationstar.

**D.    Negligence**

In his claim for negligence, Plaintiff asserts Nationstar owed him a duty to notify him that "his PMI was subject to cancellation and to cancel his PMI accordingly." Dkt. 3 at ¶76. According to the pleadings, Nationstar breached its duty "by failing to notify, collecting unnecessary PMI fees, and assessing the Plaintiff's loan for unwarranted and unnecessary fees." *Id*. at ¶77.  Nationstar contends this claim is barred by the economic loss rule. The Court agrees.

In Colorado, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Grynberg v. Agri Tech, Inc.,* 10 P.3d 1267,

8

1269 (Colo. 2000). The purpose of the economic loss rule is "to maintain the boundary between contract law and tort law," *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1259 (Colo. 2000), so "[t]he proper focus in an analysis under the economic loss rule is on the source of the duties alleged to have been breached," *Grynberg*, 10 P.3d at 1269.

According to Plaintiff's Complaint, the source of Nationstar's duty arises from "the contract"—although it is not entirely clear which one—and the breach from its failure to perform under that contract. Dkt. 3 at ¶¶76-80. Further, Plaintiff seeks damages one would expect from a breach of contract. Consequently, the claim is barred by the economic loss rule.

In his Response, Plaintiff pivots again and now argues this duty arose from Nationstar's "promise outside of the contract stating they [sic] would remove the PMI from the Plaintiff's loan if the loan to value ratio was 70% or less." Dkt. 48 at p.54. And he also argues he suffered non-monetary losses "such as pain, suffering, inconvenience, emotional distress, loss of society and companionship, loss of consortium, and loss of enjoyment of life." *Id.* at 55. Apart from the conclusory nature of these statements, Plaintiff once again asserts entirely new legal theories not presented in his Complaint. Plaintiff may not add claims to his case in this manner. His claim of negligence as pleaded in the Complaint is based on a contractual duty and it is barred by the economic loss rule.

9

### E. Colorado Consumer Protection Act

The CCPA was "enacted to regulate commercial activities and practices, which because of their nature, may prove injurious, offensive, or dangerous to the public." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146 (Colo. 2003). Specifically, the CCPA works to deter and punish businesses for consumer fraud. *Id.*

> To prove a private cause of action under the CCPA, a plaintiff must show:
>
> (1) the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered the injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011) (citing *Rhino Linings*, 62 P.3d at 146–47). A plaintiff must satisfy all elements of the claim or it fails as a matter of law. *Id.* (citing *Mayhew v. Cherry Creek Mortgage Co.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *14 (D. Colo. March 10, 2010)).

The Court need only address the public impact element. "To survive summary judgment, [Plaintiff] [must] present actual evidence of impact on consumers beyond a private wrong to him." *McNees v. Ocwen Loan Servicing, LLC*, 853 F. App'x 211, 218 (10th Cir. 2021) (citing *Sewell v. Great N. Ins. Co.*, 535 F.3d 1166, 1174 (10th Cir. 2008)). In his Complaint, Plaintiff alleges harm only to himself—there are no

10

allegations regarding any public impact. Dkt. 3 at ¶¶81-85. And his Response fares no better as he again focuses primarily on how Defendant's conduct wronged *him*. Dkt. 48 at pp.56-68.

Plaintiff's only effort to demonstrate a public impact is including two pages from a one hundred thirty-three-page unidentified consent decree allegedly between Nationstar and the Consumer Finance Protection Bureau. Dkt. 48 at pp.68-71; Dkt. 48-1 at pp.95-98. First, this is not competent evidence because it is unauthenticated and incomplete, and according to Nationstar it was not disclosed during discovery. Thus, the Court need not consider it. But even if it was so inclined, these isolated pages contain no details regarding the underlying conduct resulting in the decree, and therefore, do not establish that Nationstar's alleged actions in that case are the same as those alleged here. *See HealthONE of Denver, Inc.,* 805 F. Supp. 2d at 1120. Judgement will be entered in favor of Nationstar on this claim.

\*   \*   \*

For the reasons shared above, Nationstar's Motion for Summary Judgment is GRANTED. The Clerk of Court shall enter judgment in favor of Nationstar Mortgage LLC d/b/a Mr. Cooper and against Travis T. Bedore.

11

DATED: April 10, 2024.

BY THE COURT:

_____

S. Kato Crews
United States District Judge

12