IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-00179-SKC

TRAVIS T. BEDORE,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC.

    Defendant.

**ORDER RE: MOTION SEEKING *IN FORMA PAUPERIS* DESIGNATION**

Before the Court is Plaintiff/Appellant Travis Bedore's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (Motion). Mr. Bedore filed his Notice of Appeal from Final Judgment thereafter on May 3, 2024. Dkt. 64.

Section 1915 provides that any court may authorize an appeal "without prepayment of fees or security therefor . . ." by a person that submits an affidavit demonstrating the person is unable to pay such amounts. 28 U.S.C. § 1915(a)(1). The Rules of Appellate Procedure explain how a litigant can request *in forma pauperis* status, requiring, in part, the applicant "state[ ]the issues that the party intends to present on appeal." Fed. R. Civ. P. 24(a)(1)(C). Critically, "[a]n appeal may not be

1

taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

An appeal "is frivolous under § 1915 if it 'lacks an arguable basis either in law or fact.'" *See Flores v. United States Attorney General*, No. 11-cv-01036-BNB, 2011 WL 13202368, at *1 (D. Colo. June 17, 2011) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A frivolous claim "must be the kind of suit that 'paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.'" *Id.* (quoting *Neitske*, 490 U.S. at 327)). The Court finds Mr. Bedore's appeal meets this test for frivolous claims.

The Motion describes the issues intended for appeal in cursory fashion, *to wit*: "evidentiary issues, legal errors, newly discovered evidence – Judge did not allow for fair discovery. Defendant lied about the existence of evidence which have (sic) now been discovered." Motion, p.1 (capitalization cleaned up). The reference to "evidentiary issues, legal errors, [and] newly discovered evidence" is too vague for the Court to determine that these issues are not frivolous. Similarly, regarding the other issues identified for appeal, the Motion fails to identify how Mr. Bedore was deprived of "fair discovery" or what discovery he was deprived of,[1] and what evidence

---

[1] To be sure, Mr. Bedore seeks to appeal this Court's order granting summary judgment in favor of Defendant and against Mr. Bedore after discovery closed. The Court previously struck Mr. Bedore's motion to extend the discovery period because Mr. Bedore failed to properly confer, as required, before filing his motion. *See* Dkts. 56, 60.

Defendant "lied about" or when and how Defendant "lied about" that evidence. *See id.* The Court is unable find that Mr. Bedore's intended appellate issues are not frivolous as a result.

Finding that the Motion states only frivolous claims, the Court DENIES, without prejudice, the Motion. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith and, thus, Mr. Bedore is denied *in forma pauperis* status. Mr. Bedore shall pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within 30 days of service of this Order, pursuant to Fed. R. App. P. 24.

DATED: May 7, 2024.

BY THE COURT:

_____
S. Kato Crews
United States District Judge